**BRIAN S. DETRICK (SBN 140106)**
*DetrickLawOffice@earthlink.net*
**DETRICK LAW OFFICE**
400 Oceangate, Suite 800
Long Beach, California 90802-4388
Phone:       (562) 435-9102
Fax:          (562) 432-2134

Attorney for Plaintiff, WILLIAM SANDOVAL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WILLIAM SANDOVAL, an individual,<br><br><br><br>                                    Plaintiff,<br><br>   vs.<br><br>METRO CRUISE SERVICES, L.L.C. and SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD.,<br><br><br>                                    Defendants. | Case No.:     2:19-cv-05773-RGK-GJS<br><br>Honorable R. Gary Klausner<br><br><br>**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br><br>Date:  March 30, 2020<br>Time:  9:00 a.m.<br>Place: Courtroom 850, 8th Floor<br>        Roybal Federal Building and<br>        U.S. Courthouse, 255 East<br>        Temple Street, Los Angeles,<br>        CA 90012 |

1

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

**Plaintiff's Response to Defendants' Statement of Genuine Disputes of Material Facts**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| 1. | William Sandoval filed a Longshore and Harbor Workers' Compensation Act (Longshore Act) claim against Metro/Signal, which is identified as *William Sandoval v. Metro Cruise Services, LLC and Signal Mutual Indemnity Association Ltd.*, Office of Workers Compensation Programs (OWCP) number 13-302957 (referred to as the "case"). (8(i) Application, Brooks Decl., Exh. A at p.1, Docket Entry 14-3). | Admitted, except that the full title of the case as referred to by the Department of Labor, District Director Adame, and Benjamin Guillermo, Claims Examiner, is "*William Sandoval, claimant v. Metro Cruise Services, LLC, employer, and Signal Mutual Indemnity Association Ltd., c/o Charles Taylor Adjusting, carrier.*" |
| 2. | Signal is a group self-insurer that insured Metro's Longshore Act liability for the case. (Wcykoff Decl. at ¶¶ 2 & 3, Docket Entry 14-7). | Admitted that documents for Signal state that it is a group self-insurer.  Denied to the extent that this statement suggests that Charles Taylor is an independent third party. The business of the Association [Signal], including membership selection, underwriting, |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| | | safety resources, claims management, actuarial, regulatory requirements and financial risk management is performed by the Association's managers, Charles Taylor (Hamilton). The day to day responsibility for these operations has been delegated to Charles Taylor's affiliate, Signal Administration, with offices in Dallas Texas, Wilton Connecticut, and Long Beach California.  See Declaration of Brian Scott Detrick ("Detrick Decl.") ¶¶ 4-5,7-13,16-18, and Exs. "A", "F", "G", and "H" thereto. Charles Taylor is not a third-party; it is affiliated with Signal, its operations, management, and claims handling such that notice to |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| | | Signal c/o Charles Taylor is notice to Signal.  Signal's address is Charles Taylor's address. |
| 3. | Metro/Signal's third-party administrator for the case was Charles Taylor TPA. (Wcykoff Decl. at ¶ 4, Docket Entry 14-7). | Denied.  The business of the Association [Signal], including membership selection, underwriting, safety resources, claims management, actuarial, regulatory requirements and financial risk management is performed by the Association's managers, Charles Taylor (Hamilton). The day to day responsibility for these operations has been delegated to Charles Taylor's affiliate, Signal Administration, with offices in Dallas Texas, Wilton Connecticut, and Long Beach California.  See Detrick Decl. ¶¶ 4-5,7-13,16-18, and Exs. |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

|  | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
|  |  | "A", "F", "G", and "H" thereto.  Charles Taylor is not a third-party; it is affiliated with Signal, its operations, management, and claims handling such that notice to Signal c/o Charles Taylor is notice to Signal. Signal's address is Charles Taylor's address. |
| 4. | Metro/Signal's attorney for the case was William N. Brooks II (Brooks). (Brooks Decl. at ¶ 2, Docket Entry 14-2). | Admitted. |
| 5. | Sandoval's attorney for the case was Rodney Pranin. (8(i) Application, Brooks Decl., Exh. A at p.6, Docket Entry 14-3). | Admitted that Rodney Pranin was one of Mr. Sandoval's attorneys in the case.  Brian Detrick of the Detrick Law Office also represented Sandoval in the case and continues to represent Mr. Sandoval herein, as this case shows. |
| 6. | Sandoval and Metro/Signal settled Sandoval's case. In exchange for complete discharge of | Admitted that Mr. Sandoval and Metro/Signal settled the |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| | liability under the Longshore Act, Metro/Signal agreed to pay Sandoval $186,742.50, of which $7,904.00 was to resolve Sandoval's right to future medical treatment and $178,838.50 was to resolve Sandoval's right to compensation. (8(i) Application, Brooks Decl., Exh. A at p.3, Docket Entry 14-3). | case as set forth in the 8(i) Application.  Denied to the extent that the 8(i) settlement provided for a complete discharge of liability to the extent that it suggests that Metro/Signal are not also liable for the 20% assessment under Section 914(f), together with statutory interest thereon and attorneys' fees in enforcing all such statutory amounts. Under the statutory framework made the basis of this suit, full payment was to be made within ten days of the approval of the settlement. |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| 7. | Brooks prepared an Application for Settlement Pursuant to Section 8(i) (8(i) Application) which reflected the parties' settlement terms and which was signed by Brooks, Pranin, and Sandoval. (8(i) Application, Brooks Decl., Exh. A, Docket Entry 14-3). | Admitted that Brooks in consultation with Sandoval's counsel prepared the Application. |
| 8. | On July 20, 2018, Brooks electronically filed (e-filed) the 8(i) Application with the OWCP. (Brooks Decl. at ¶ 4, Docket Entry 14-2). | Admitted that SEAPortal reflects that this is the case. |
| 9. | On July 20, 2018, Brooks completed and e-filed a Waiver of Service by Registered or Certified Mail for Employers and/or Insurance Carriers (LS-801) with the OWCP. (Brooks Decl. at ¶ 5, Docket Entry 14-2). | Admitted that SEAPortal reflects that this is the case. |
| 10 | Marco Adame, District Director of the OWCP's Eighteenth Compensation District, issued an Order Approving Agreed Settlement - Section 8(i) (Settlement Order), dated July 27, 2018, which approved the parties' 8(i) Application and ordered Metro and Signal "to pay all amounts due." (Settlement Order, Request for Judicial Notice, Exh. A at p.1, Docket Entry 14-9). | Admitted that District Director Adame signed, filed, and mailed the Compensation Order and ordered that Defendants pay the amount owed as set forth in the attached settlement of $178,838.50 to claimant, $7,904.00 for future medical care, and $43,257.50 in |

7

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| | | attorneys' fees.  Defendants' Request for Judicial Notice ("Defs' RJN"), Ex. A, Doc. 16-9; Detrick Decl., ¶4. These amounts are also clearly reflected in the Form LS-208 filed by Metro/Signal dated August 3, 2018, and uploaded to SEAPortal on August 5, 2018.  Detrick Decl., Ex. "A".  The date the Form was uploaded to SEAPortal was before the due date of the compensation due Plaintiff under the Compensation Order. Detrick Decl., ¶17. |
| 11. | The Certificate of Filing and Service (CFS) that accompanied Adame's Settlement Order indicates that he filed the Settlement Order in the Office of the District Director on July 27, 2018. (Settlement Order, Request for Judicial Notice, Exh. A at p.2, Docket Entry 14-9). | Admitted that the Compensation Order was filed in the Office of the District Director on July 27, 2018.  Defs' RJN, Ex. "A", 16-9 at 1-2. |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| 12. | Adame did not serve Brooks with the Settlement Order on July 27, 2018. (Brooks Decl. at ¶¶ 7 & 8, Docket Entry 14-2). | Denied. Although the District Director was not required to serve Brooks with a copy of the Compensation Order in order to trigger the 10-day payment period of the compensation due thereunder, District Director Adame's Compensation Order certifies that Brooks was e-mailed a copy of the Compensation Order on July 27, 2018. Brooks waived certified/registered mailing of the order. Defs' RJN, Ex. "A", Doc. 16-9; Declaration of William Brooks ("Brooks Decl."), ¶5, and Ex."B". |
| 13. | Adame did not serve Signal with the Settlement Order. (Settlement Order, Request for Judicial Notice, Exh. A at p.2, Docket Entry 14-9; Wyckoff Decl. at ¶ 5, Docket Entry 14-7). | Denied. Although the District Director was not required to serve Signal with a copy of the Compensation Order in order to trigger the 10-day payment period of the |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| | | compensation due thereunder, District Director Adame's Compensation Order certifies that Signal was mailed a copy of the Compensation Order on July 27, 2018, by certified mail, return receipt requested to Signal Mutual Indemnity Assn Ltd., c/o Charles Taylor Adjusting, PO Box 6000, Lakewood, CA 90714. Defs' RJN, Ex. A, Doc. 16-9 at 2. Several other documents had been mailed to Signal at this address. Detrick Decl. ¶¶ 4-5,7-13,16-18, Exs. "B" and "E". Signal never raised the issue in the case below. Detrick Decl., ¶18, and Exs. "C" and "D". This issue may not be belatedly raised for the first time before this Court. *Goldsmith v.* |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| | | *Director, Office of Workers' Compensation Programs*, 838 F.2d 1079, 1081 (9th Cir.1988). |
| 14. | Sandoval received the settlement checks on August 7, 2018. (Default Order, Request for Judicial Notice, Exh. B at p.3-4, Docket Entry 14-10). | Admitted that Sandoval did not receive any settlement check until August 7, 2018. The date of August 7, 2018, is a day late for payment of the Compensation Order. Case law is clear the date of receipt controls when payment is made, not when payment is placed in the mail.  *Sea-Land Service, Inc. v. Barry*, 41 F.3d 903, 909 (3d Cir. 1994). |
| 15. | At 8:53 a.m. on August 7, 2018, Adame served Brooks with the Settlement Order for the first time. He served him via email. (Brooks Decl. at ¶ 8, Docket Entry 14-2). | Denied.  District Director Adame's Compensation Order certifies that Brooks was e-mailed a copy of the Compensation Order on July 27, 2018.  Defs' RJN, Ex. "A", Doc. 16-9 at 2.  Brooks |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| | | waived certified/registered mailing of the order.  Brooks Decl."), ¶5, and Ex."B". |
| 16. | Adame issued a Supplementary Compensation Order Declaring Default (Default Order), dated October 17, 2018, which declared Metro/Signal in default of the Settlement Order in the amount of $35,767.70. (Default Order, Request for Judicial Notice, Exh. B, Docket Entry 14-10). | Admitted that the Default Order sets forth that principal amount, plus interest from August 7, 2018, at the rate of 2.4 percent per annum. Plaintiff is also entitled to all attorneys' fees incurred herein securing his right to the Section 14(f) penalty. Defs' RJN, Ex. "B", Doc. 16-10. |
| 17. | The CFS that accompanied the Default Order indicates that Adame filed the Default Order on October 17, 2018. (Default Order, Request for Judicial Notice, Exh. B at p.5, Docket Entry 14-10). | Admitted. |
| 18. | Adame did not serve Signal with the Default Order. (Default Order, Request for Judicial Notice, Exh. B at p.5, Docket Entry 14-10; Wyckoff Decl. at ¶ 5, Docket Entry 14-7). | Denied.  Not only was District Director Adame not required to serve the Default Order on Signal, as carrier, |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|
|  | he did serve the Default Order on Signal.  The Default Order specifically provides that it was served on Patrick Veale, an employee of Signal and/or Charles Taylor, who filed the Form LS-208 for Signal and Metro and was acting on Signal's and Metro's behalf throughout the entire case. Defs' RJN, Ex. "B", Doc. 16-10; Detrick Decl. ¶¶ 4-5,7-13,16-18, Ex. "A". District Director Adame properly served the Default Order by certified mail on the claimant and employer and on Signal and counsel by e-mail.  There is no claim that any of said parties lacked actual knowledge of the Default Order or that they would have paid the Default |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Disputed Facts and Supporting Evidence |
|---|---|---|
| | | Order if they had received some other type of notice or that they were prejudiced or would have acted any differently had they received notice in any other manner. |

| | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| 1. | The Settlement Order was not properly served. | Denied. The Settlement Order, which Plaintiff defines as the Compensation Order, was properly served. Defs' RJN, Ex. "A", Doc. 16-9. There is no dispute the claimant and employer were mailed a copy of the Compensation Order, as set forth in 33 U.S.C. § 919(e), so as to trigger the 10-day payment period. *Id.* Although not required, the carrier was also properly |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| | | mailed on July 27, 2018, a copy of the Compensation Order by certified mail at its last known address.  Defs' RJN, Ex. "A", Doc. 16-9.  Further, counsel was also served by e-mail pursuant to the waiver that he filed.  Defs' RJN, Ex. "A," Doc. 16-9.  Plaintiff's briefing in this case, as well as the Detrick Decl. ¶¶ 4-5,7-13,16-18, and Exs. "A"-"H" thereto, establish that the Compensation Order was properly served. |
| 2. | Because the Settlement Order was not properly served, it was not considered to have been filed in the Office of the District Director. | Denied.  The Settlement Order, which Plaintiff defines as the Compensation Order, was properly served.  There is no dispute the claimant and employer were mailed a copy of the |

PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT

| | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| | | Compensation Order, as set forth in 33 U.S.C. § 919(e), so as to trigger the 10-day payment period.  Although not required, the carrier was also properly mailed on July 27, 2018, a copy of the Compensation Order by certified mail at its last known address.  Further, counsel was also served by e-mail pursuant to the waiver that he filed.  Defs' RJN, Ex. "A," Doc. 16-9.  Plaintiff's briefing in this case, as well as the Detrick Decl. ¶¶ 4-5,7-13, 16-18, and Exs. "A"-"H" thereto, support Plaintiff's claims that the Compensation Order was properly served, and that payment became due thereunder within 10 days of its "filing." |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

|  | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| 3. | Because the Settlement Order was not properly served, and therefore not considered to have been filed in the Office of the District Director, it never became due or effective. | Denied.  The Settlement Order, which Plaintiff defines as the Compensation Order, was properly served. There is no dispute the claimant and employer were mailed a copy of the Compensation Order, as set forth in 33 U.S.C. § 919(e), so as to trigger the 10-day payment period.  Although not required, the carrier was also properly mailed on July 27, 2018, a copy of the Compensation Order by certified mail at its last known address.  Further, counsel was also served by e-mail pursuant to the waiver that he filed.  Defs' RJN, Ex. "A," Doc. 16-9.  Plaintiff's briefing in this case, as well as the Detrick Decl. ¶¶ 4-5,7- |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| | | 13, 16-18, and Exs. "A"-"H" thereto, support Plaintiff's claims that the Compensation Order was properly served, and that payment became due thereunder within 10 days of its "filing." |
| 4. | The Default Order is not in accordance with law because it purports to declare a default on a compensation order that never became due or effective. | Denied.  The Settlement Order, which Plaintiff defines as the Compensation Order, was properly served. There is no dispute the claimant and employer were mailed a copy of the Compensation Order, as set forth in 33 U.S.C. § 919(e), so as to trigger the 10-day payment period.  Although not required, the carrier was also properly mailed on July 27, 2018, a copy of the Compensation Order by certified mail at its last |

18

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| | | known address.  Further, counsel was also served by e-mail pursuant to the waiver that he filed.  Defs' RJN, Ex. "A," Doc. 16-9.  Plaintiff's briefing in this case, as well as the Detrick Decl. ¶¶ 4-5, 7-13, 16-18, and Exs. "A"-"H" thereto, support Plaintiff's claims that the Compensation Order was properly served, and that payment became due thereunder within 10 days of its "filing."   The Default Order was "filed" in the same manner as the Compensation Order. |
| 5. | The Default Order is also not in accordance with law because it was not properly served. | Denied.  The Default Order was properly served.  After investigation, notice, and hearing, as provided in 33 U.S.C. § 919, on October 17, |

19

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| | | 2018, District Director Adame made the Default Order, which was filed in the same manner as the Compensation Order.  33 U.S.C. § 918 (a).  As noted above the Compensation Order was properly filed and mailed.  No payment was made within ten days of filing and mailing of the Compensation Order. Detrick Decl., ¶17. Therefore, District Director Adame properly issued the Default Order.  Plaintiff's briefing in this case, as well as the Detrick Decl. ¶¶ 4-5, 7-13, 16-18, and Exs. "A"- "H" thereto, support Plaintiff's claims that the Compensation Order was properly served, and that |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| | | payment became due thereunder within 10 days of its "filing."  Defs' RJN, Ex. "A", Doc. 16-9 at 1-2.  The Default Order was "filed" in the same manner as the Compensation Order.  Defs' RJN, Ex. "B", Doc. 16-10. |
| 6. | To assess a punitive penalty against Metro/Signal for paying an improperly served compensation order one day late violates the Fifth Amendment to the U.S. Constitution. | Denied.  The district court must uphold the order as long as the order was issued in accordance with law; the district court is not permitted to consider equitable claims. *Hanson v. Marine Terminals Corp.*, 307 F.3d 1139, 1142-43 (9th Cir. 2002).  *See also Providence Washington Insurance Co., v. Director, Office of Workers' Compensation Programs*, 765 F. 2d 1381, 1385 (9th Cir. 1985) (Section 14(f) |

PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT

| | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| | | applies in every instance where payment is late, leaving the deputy commissioner without any discretion whether to assess the penalty); *Zea v. West State, Inc.*, 61 F. Supp. 2d 1144, 1148-1149 (D. Ore. 1999) (14(f) penalty assessed when the administrative law judge's award approving a settlement was served on claimant at an incorrect address and employer mailed the check to this erroneous address on file with the judge's office); *Matthews v. Newport News Shipbuilding & Dry Dock Co.*, 22 BRBS 440, 442 (1989) (Section 14(f) assessment not excused where employer made good faith attempt to pay claimant |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Defendants' Conclusions of Law | Plaintiff's Response to Defendant's Conclusions of Law |
|---|---|---|
| | | in timely manner but sent check to wrong address); *Durham v. Embassy Dairy*, 19 BRBS 105 (1986) (the Board held that the deputy commissioner's mailing of a carrier's copy of the administrative law judge's decision to an incorrect address does not absolve the employer of a Section 14(f) assessment).  Alternatively, Defendants and/or this Court must give the proper notice to the Attorney General to rule on the constitutional challenge to Section 14(f). 28 U.S.C. § 2403(a). Well settled case law upholds the 14(f) penalty. |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Plaintiff's Additional Material Facts | Defendants' Response |
|---|---|---|
| 1. | Plaintiff was not paid the amount due under the Compensation Order within ten days after it was due.  Defs' RJN, Ex. "B", Doc. 16-10; Detrick Decl., ¶3. | |
| 2. | The Compensation Order was sent on July 27, 2018, by certified mail to Plaintiff and to the employer, Metro, at the last known address of each.  Defs' RJN, Ex. "A", Doc. 16-9. | |
| 3. | The Compensation Order was sent on July 27, 2018, by certified mail to Signal, the carrier, at its last known address.  Defs' RJN, Ex. "A", Doc. 16-9. | |
| 4. | The Compensation Order was e-mailed to counsel Brooks on July 27, 2018.  Defs' RJN, Ex. "A", Doc. 16-9. | |
| 5. | Payment was due under the Compensation Order on August 6, 2018; Plaintiff did not receive payment until August 7, 2018.  Detrick Decl., ¶ 3. | |
| 6. | On September 4, 2018, Benjamin O. Guillermo, Claims Examiner, sent a letter to counsel for Plaintiff and Mr. Brooks, counsel for Metro and Signal ("September 4 Letter") setting forth the operative facts regarding mailing. Detrick Decl., ¶ 5 and Ex. "B" thereto. | |

PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT

| | Plaintiff's Additional Material Facts | Defendants' Response |
|---|---|---|
| 7. | The September 4 Letter was sent to: "Carrier: Signal Mutual Indemnity Assn. Ltd., c/o Charles Taylor Adjusting, PO Box 6000, Lakewood, CA 90714." Detrick Decl., ¶ 5 and Ex. "B" thereto. | |
| 8. | On September 10, 2018, Mr. Brooks, counsel for Metro and Signal, submitted his briefing on the issue of the 20% assessment; he did not contend in that letter that Signal was served at the wrong address. Nor was there any constitutional challenge. Detrick Decl., ¶12, Ex. "D". | |
| 9. | On October 5, 2018, Benjamin O. Guillermo, Claims Examiner, held an Informal Conference. Detrick Decl., Ex. "E". Patrick Veale and William N. Brooks, Esq. were the only persons appearing on behalf of Metro and Signal at the conference. Detrick Decl., Ex. "E" at 1. | |
| 10. | On October 5, 2018, Mr. Guillermo issued a Memorandum of Informal Conference ("Conference Memorandum") setting forth the parties' positions and his recommendation. Detrick Decl., Ex. "E" at 2-4. | |

PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT

| | | Plaintiff's Additional Material Facts | Defendants' Response |
|---|---|---|---|
| | 11. | At the conference and in the Conference Memorandum, there was no argument that Signal was served at the wrong address. Detrick Decl., ¶12, and Ex. "E" at 2-3. | |
| | 12. | In the Conference Memorandum, Mr. Guillermo notes where Defendants in the Form LS-208 dated August 3, 2018, type "OWCP Compensation Order date 07/27/2018." Detrick Decl., Ex. "E" at 4. | |
| | 13. | In the Conference Memorandum, Mr. Guillermo states: "The submission of the Form LS-208 by the Employer/Carrier via SEAPortal, appears to show acknowledgement of the Order Approving Agreed Settlement in question, which contradicts the statements and Declaration made during the Informal Conference." Detrick Decl., Ex. "E" at 4. | |
| | 14. | Signal had actual notice of the Compensation Order on or before August 6, 2018. Detrick Decl., Exs. "A", "E"; Defs' RJN, Ex. "B", Doc. 16-10. | |
| | 15. | Mr. Brooks, counsel for Metro and Signal, had actual notice of the Compensation Order on or before August 6, 2018. Detrick Decl., Exs. "A", "E"; Defs' RJN, Ex. "B", Doc. 16-10. | |

PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT

| | Plaintiff's Additional Material Facts | Defendants' Response |
|---|---|---|
| 16. | The Compensation Order, September 4 Letter, and the Conference Memorandum were all sent to: "Carrier:  Signal Mutual Indemnity Assn. Ltd., c/o Charles Taylor Adjusting, PO Box 6000, Lakewood, CA 90714."  Detrick Decl., Exs. "B", "E"; Defs' RJN, Ex. "A", Ex. 16-9. | |
| 17. | At any time during the case before the District Director, no one complained that the Compensation Order, September 4 Letter, and the Conference Memorandum were all sent to: "Carrier:  Signal Mutual Indemnity Assn. Ltd., c/o Charles Taylor Adjusting, PO Box 6000, Lakewood, CA 90714."  Detrick Decl. ¶¶ 4-5, 7-13, 16-18. | |
| 18. | Defendant now contends for the first time before this Court, that Signal, as carrier, was served at the wrong address: "Signal Mutual Administration, Inc., c/o Charles Taylor Adjusting, P.O. Box 6000, Lakewood, CA 90714."  Detrick Decl. ¶¶ 4-5, 7-13, 16-18. | |

| | Plaintiff's Additional Conclusions of Law | Defendants' Response |
|---|---|---|
| 1. | The district court must uphold the order as long as the order was issued in accordance with law; the district court is not permitted to consider | |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | | Plaintiff's Additional Conclusions of Law | Defendants' Response |
|---|---|---|---|
| | | equitable claims.  *Hanson v. Marine Terminals Corp.*, 307 F.3d 1139, 1142 (9th Cir.2002). | |
| | 2. | District Director Adame was not required to serve Signal, the carrier, with a copy of the Compensation Order to trigger the 10-day payment period under 33 U.S.C. § 914(f).  *See also Durham v. Embassy Dairy*, 19 BRBS 105 at *3 (1986). | |
| | 3. | District Director Adame was not required to serve Mr. Brooks, counsel for Metro and Signal, with a copy of the Compensation Order to trigger the 10-day payment period under 33 U.S.C. § 914(f).  *Nealon v. California Stevedore & Ballast Co.*, 996 F.2d 966 (9th Cir. 1993); *Insurance Co. of North America v. Gee*, 762 F.2d 411 (2d Cir. 1983). | |
| | 4. | Section 14(f), as applied here, does not violate the due process clause. *Hanson v. Marine Terminals Corp.*, 307 F.3d 1139, 1142 (9th Cir. 2002). | |
| | 5. | Section 14(f) applies to the Compensation Order made pursuant to settlement of a compensation claim pursuant to section 8(i) of the LHWCA.  *Hanson v. Marine Terminals Corp.*, 307 F.3d 1139 (9th Cir.2002) (assessing | |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT**

| | Plaintiff's Additional Conclusions of Law | Defendants' Response |
|---|---|---|
| | 20% on compensation order issued after settlement under section 8(i) of the LHWCA); *Carillo v. Louisiana Insurance Guarantee Ass'n*, 559 F.3d 377-78 (5th Cir. 2009) (same). | |
| 6. | At most, to trigger the 10-day period for payment of the Compensation Order, the Compensation Order need only be mailed to the employer and claimant.  33 U.S.C. § 919(e).  *Nealon v. California Stevedore & Ballast Co.*, 996 F.2d 966 (9th Cir. 1993); *Jeffboat, Inc. v. Mann*, 875 F.2d 660 (7th Cir.1989); *Insurance Co. of North America v. Gee*, 762 F.2d 411 (2d Cir. 1983). | |
| 7. | After investigation, notice, and hearing, as provided in 33 U.S.C. § 919, on October 17, 2018, District Director Adame made the Default Order, which was filed in the same manner as the Compensation Order.  33 U.S.C. § 918 (a).  Detrick Decl. ¶ 13. | |

DATED:  March 9, 2020                        DETRICK LAW OFFICE


By:_____/s/_____
Brian S. Detrick
ATTORNEY FOR PLAINTIFF,
WILLIAM SANDOVAL

PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW, AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT